IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF GEORGIA

ALBANY DIVISION

JAMES GREGORY MCDONALD  :
    Plaintiff

                                 :      CIVIL ACTION FILE

VS.

                                 :      NUMBER:

CITY OF BAINBRIDGE, GEORGIA
&
CHIP WILLIAM NIX a/k/a  :
CHIP NIX, individually and in his  :  JURY TRIAL DEMANDED
representative capacity as a law enforcement
officer of City of Bainbridge, Georgia  :
    Defendant

**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND FOR DAMAGES**

COMES NOW, James Gregory McDonald, and makes this his complaint for Civil Rights

Violations and for Damages, and by way therefore respectfully shows to this Honorable Court as

follows:

1.

James Gregory McDonald (hereinafter "McDonald" or "Plaintiff") is a resident of

Sumner, Worth County, Georgia, and by the bringing of this cause of action submits to the

jurisdiction of this Honorable Court.

2.

The City of Bainbridge, Georgia, is a body politic and corporate, located in Southwest

Georgia in Decatur County, Georgia, within the geographical area assigned to the United States

District Court, Middle District of Georgia, Albany Division and is subject to the jurisdiction of

this Honorable Court.

3.

The City of Bainbridge, Georgia, (hereinafter "the City" or "Defendant City") may be served with process by serving it's chief executive officer, Mayor Edward Reynolds at his work place, Bainbridge Pharmacy, at 1420 East Evans Street, Bainbridge, Georgia, or by serving it's City Manager Chris Hobby at his office at 101 South Broad Street, Bainbridge, Georgia.

4.

Chip William Nix a/k/a Chip Nix (hereinafter "Nix" or "Defendant Nix") is a resident of Decatur County, Georgia, is subject to the jurisdiction of this Honorable Court, and may be served with process at his residence at 340 Martin School Road, Bainbridge, Georgia.

5.

The claim, or claims, here presented arose within the geographical territory assigned to the United States District Court for the Middle District of Georgia, as will more particularly hereinafter be made to appear.

6.

The amount in controversy in this claim, or claims, exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7.

This Court's jurisdiction is founded upon the Constitution of the Unites States of America, and additionally, upon the presentation of a federal question pursuant to 28 U.S.C. 1331 and 42 U.S.C. 1983, et. seq.

8.

Venue is proper in this Honorable Court pursuant to 28 U.S.C. 1391 (b) and (c).

9.

There are no prerequisites to the bringing of this cause of action which have not been satisfied.

10.

On August 19, 2019, Plaintiff appeared in Superior Court, Decatur County Georgia, for trial on felony criminal charges and a jury was duly empaneled for Plaintiff's trial that day.

11.

Though Defendant Nix was not the prosecutor or charging law enforcement officer in Plaintiff's case, Defendant Nix nevertheless sat at counsel table with the assistant District Attorney trying the case for the expressed purpose of assisting the District Attorney with the presentation of the State's case.

12.

The indictment charging McDonald with felony criminal offenses shows on its face, the prosecutor was Chris Avery, who at that time was, an investigator with the Bainbridge Public Safety Office.

13.

Defendant Nix, at all times applicable to the events which are the subject matter of this cause of action, was a law enforcement officer employed by Defendant City as an investigator.

14.

Defendant Nix, prior to coming to work for Defendant City in law enforcement, as an investigator, worked in law enforcement as an investigator with the Decatur County Sheriff's Office for a number of years.

15.

The termination of Defendant Nix's employment with the Decatur County Sheriff's Office was sudden and somewhat controversial.

16.

Defendant City employed Defendant Nix immediately upon Defendant Nix's departure from the Decatur County Sheriff's Office notwithstanding the controversy surrounding Nix's leaving employment with the Decatur County Sheriff's Office.

17.

In approximately May or June, 2015, Defendant Nix was called as a witness for the prosecution in the United State vs. Griffin, et al, case number 1:14-CR-00029-WLS-4, (herein after referred to as "the Griffin case") which was tried to a jury in the United State District Court, Middle District of Georgia, Albany Division.

18.

Another witness in "the Griffin case" was Joseph Kenneth Mulholland, the District Attorney for the South Georgia Judicial Circuit, which includes Bainbridge, Decatur County, Georgia.

19.

Mulholland, by virtue of his work as District Attorney is personally acquainted with Defendant Nix.

20.

Mulholland testified in "the Griffin case" that he (Mulholland) would not believe Defendant Nix on his (Nix) oath, meaning that Defendant Nix has no credibility with Mulholland.

21.

After "the Griffin case" concluded in June, 2015, Mulholland contacted city officials with Defendant City, specifically City Manager Chris Hobby and Mayor Edward Reynolds, and sought to have Defendant City terminate Defendant Nix's employment as a law enforcement officer, but Defendant City did not terminate Defendant Nix, nor did Defendant City take steps to rehabilitate and/or train Defendant Nix.

22.

Defendant Nix was involved in an incident in Seminole County, Georgia (hereinafter referred to as "The Seminole County Incident") which involved an armed confrontation between a Seminole county resident/victim and Defendant Nix.

23.

The Seminole County Incident precipitated an investigation by the Seminole County Sheriff's Office as a result of a 911 call by the armed Seminole County resident/victim/complainant.

24.

The Georgia Bureau of Investigation (hereinafter referred to as "the GBI") also conducted an investigation concerning "The Seminole County Incident."

25.

The results of the investigation of "The Seminole County Incident" are expected to be presented to a Seminole County Grand Jury at a future date with a view toward an indictment of Defendant Nix on criminal charges.

26.

Defendant City of Bainbridge is fully aware of "The Seminole County Incident" and Defendant Nix's involvement in said incident.

27.

Defendant City continued Defendant Nix's employment with Defendant City as an investigator in the Bainbridge Public Safety Office without any changes after "The Seminole County Incident."

28.

Defendant City continued its employment of Defendant Nix unchanged after being advised or warned by District Attorney Joseph Mulholland and after "The Seminole County Incident."

29.

Defendant City failed to adequately supervise, train, or screen Defendant Nix after being advised or warned by District Attorney Joseph Mulholland and after "The Seminole County Incident."

30.

During Plaintiff's criminal trial as aforesaid, Defendant Nix made repeated efforts, all contrary to law, to contact and send messages to one or more jurors in an attempt to influence the jurors' verdict against McDonald.

31.

After the Decatur County jury found McDonald not guilty of all charges, "the GBI" was notified of Defendant Nix's actions during McDonald's jury trial and "the GBI" conducted another investigation of Defendant Nix.

32.

Defendant Nix's wife is employed by "the GBI" as an investigator.

33.

On or about the 30th day of October, 2019,  GBI Special Agent Mike Callahan sought and obtained from Decatur County Superior Court Judge J. Kevin Chason, three (3) felony arrest warrants for Defendant Nix on charges of Embracery, commonly known as Jury Tampering (2 counts) and Violation of Oath of Office (1 count).

34.

When "the GBI" investigation or Grand Jury presentation to a Decatur County Grand Jury is concluded, additional felony criminal charges and/or counts may be brought against Defendant Nix based upon Defendant Nix's effort to subvert due process and McDonald's constitutional and statutory rights to a jury trial by an impartial jury according to law.

35

Only after "the GBI" investigation concerning Defendant Nix's jury tampering as above alleged became common knowledge in Bainbridge, Decatur County, Georgia, did Defendant City take action against Defendant Nix, but even then all Defendant City did was to suspend Defendant Nix from being an investigator in the Bainbridge Public Safety Office.

36.

As of the date and time of the filing of this cause of action, Defendant Nix continues to work for Defendant City at its sewage treatment plant.

37.

Defendant City failed to train Defendant Nix which failure under the circumstances of this case constitutes a deliberate indifference to the rights of Plaintiff.

38.

Defendant City failed to screen its employees, specifically including Defendant Nix, which evidences Defendant City's deliberate indifference to the fact that the people Defendant City was employing were the kind of people who would predictably commit the type of constitutional violation here complained of.

39.

Based upon the foregoing, Plaintiff asserts claims against Defendant Nix, individually and/or in his official/representative capacity as a law enforcement officer of Defendant City pursuant to the Constitution and laws of the United States of America, particularly The Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendments of the Constitution of the United States of America, and 42 U.S.C. 1983.

40.

Based upon the foregoing, Plaintiff asserts claims against Defendant Nix, individually and/or in his official/representative capacity as a law enforcement officer of Defendant City, pursuant to the laws of the State of Georgia, specifically including but not limited to, the provisions of the Georgia Constitution Article 1, Section 1, Paragraphs 1, 11, 12, 14 and 29.

41.

Based upon the foregoing, Plaintiff asserts claims against Defendant City, pursuant to the Constitution and laws of the United States of America, particularly The Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendments of the Constitution of the United States of America, and 42 U.S.C. 1983.

42.

Based upon the foregoing, Plaintiff asserts claims against Defendant City, pursuant to the laws of the State of Georgia, specifically including but not limited to, the provisions of the Georgia Constitution, Article 1, Section 1, Paragraphs 1, 11, 12, 14 and 29.

43.

Based upon the foregoing, Plaintiff seeks an award of compensatory damages from Defendant Nix in the amount of Twelve Million Dollars ($12,000,000.00)

44.

Based upon the foregoing, Plaintiff seeks an award of compensatory damages from Defendant City in the amount of Twelve Million Dollars ($12,000,000.00)

45.

Based upon the foregoing, the conduct of Defendant Nix demonstrates a conscious, deliberate indifference to the consequences of his actions and of the basic rights of others under color of state law, such that Plaintiff is entitled to an award of punitive damages against Defendant Nix individually and/or in his official/representative capacity in favor of Plaintiff in such amount as shall be determined by the enlightened conscience of a fair minded, impartial jury.

46.

As a citizen of the United States and of the State of Georgia, Plaintiff has an interest in due process, liberty, and freedom that is clearly established and, well recognized, and constitutionally protected by both the United States Constitution and the Constitution of the State of Georgia.

47.

Defendant's willful misconduct and wantonness concerning Plaintiff's rights guaranteed by the laws of the United States and the State of Georgia, and the Constitution of the United States and the State of Georgia warrant an award of punitive damages to Plaintiff against Defendant's in such amount as shall be shown by the evidence adduced at trial.

48.

Plaintiff is entitled to an award of attorney's fees and expenses of litigation in the bringing of this cause of action in such amount as shall be shown by the evidence adduced at trial.

49.

The said conduct of Defendants above describe is egregious, horrible, and contrary to fundamental and well established precepts of fair play and due process causing McDonald injury, including pain, suffering, and mental anguish.

WHEREFORE, Plaintiff having fully pled prays as follows

a) that Defendants be served as provided by law,

b) that Plaintiff have and recover of Defendant Nix individually and/or in his official/representative capacity compensatory damages in the amount of Twelve Million Dollars ($12,000,000.00) for Plaintiff's injury, pain, suffering, and mental anguish,

c) that Plaintiff be awarded punitive damages against Defendant Nix individually and/or in his official/representative capacity in such amount as shall be determined by the enlightened conscience of a fair minded, impartial jury,

d) that Plaintiff have and recover of Defendant City compensatory damages in the amount of Twelve Million Dollars ($12,000,000.00) for Plaintiff's injury, pain, suffering, and mental anguish,

e) that Plaintiff be awarded punitive damages against Defendant City in such amount as shall be determined by the enlightened conscience of a fair minded, impartial jury,

f) that Plaintiff be awarded attorney fees and expenses of litigation in such amount as shall be shown by the evidence adduced at trial.

g) that Plaintiff have a jury trial,

h) for such other and further relief as to the court shall seem meet and proper.


Gilbert J. Murrah
Attorney for Plaintiff
State Bar Number 531650

Prepared by:

Gilbert J. Murrah/kgc
The Law Office of Gilbert Murrah, P.C.
Post Office Box 1421
Bainbridge, Georgia 39818
229-246-3391

## VERIFICATION

Personally appeared before the undersigned officer authorized to administer oaths, James Gregory McDonald, who on oath deposes and says that the facts alleged in the within and foregoing instrument are true and correct.

This ___3rd___ day of ___February___, 2020.


_____
James Gregory McDonald


Sworn to and subscribed before me
this day ___3rd___ of ___February___, 2020.


_____
Notary